41 Wn.2d 306 (1952)
248 P.2d 1084
SALOME E. WAGNER et al., Appellants,
v.
PUGET SOUND POWER AND LIGHT COMPANY, Respondent.[1]
No. 32127.
The Supreme Court of Washington, Department One.
October 16, 1952.
Joseph S. Kane and Howard J. Thompson, for appellants.
Holman, Mickelwait, Marion, Black & Perkins, for respondent.
*307 GRADY, J.
This action was instituted by Salome E. Wagner and A.W. Wight individually and in behalf of other employees of the Puget Sound Power and Light Company, to recover damages for a breach of the contract between their labor union and the company. The court sustained a general demurrer to the amended complaint, and, upon refusal of appellants to plead further, dismissed the action.
The theory advanced by appellants in their amended complaint is that on March 10, 1950, their local union and respondent entered into a written contract designated as a "collective bargaining agreement" by which they were employed up to and including December 31, 1950, and from year to year thereafter, unless either party notified the other not less than sixty days prior to December 31st of any year of its desire to terminate the same; that the respondent transferred its property to the city of Seattle, and prior thereto notified appellants that their employment would be terminated when the transfer was made; that the contract contained seniority rights and privileges which appellants had accepted as a term and condition of the contract and with which they had fully complied; that by reason of the termination of the contract their seniority rights had been lost, all to their damage in the amounts stated. A copy of the contract was attached to the amended complaint and made a part thereof by reference.
The respondent has moved to dismiss the appeal upon the ground that the notice thereof indicates such appeal has been taken from the order sustaining the demurrer to the amended complaint, which is not an appealable order. The way the notice of appeal is worded lends color to the claim of respondent, but when it is considered in the light of the record it is apparent that it is intended to be a notice of appeal from the judgment dismissing the action.
On October 10, 1951, an order was entered sustaining the demurrer to the amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action. On October 11th notice of appeal from that order was filed. On January 9, 1952, pursuant to a written stipulation the *308 court entered an order dismissing the appeal and discharging the surety on the cost bond. On February 29, 1952, the court entered an order reciting the sustaining of the demurrer and that the plaintiffs had elected not to plead further. The recitals were followed by an order dismissing the action. On March 3, 1952, appellants filed a notice of appeal in which they made reference to the order of the court of February 29, 1952. It is apparent that the reference is to the order dismissing the action.
[1] The notice of appeal is unfortunately worded and indicates the appeal is being taken from the order sustaining the demurrer to the amended complaint. We regard such wording as surplusage, and are of the opinion that when properly construed the notice of appeal is sufficient. The motion to dismiss the appeal is denied.
This is not an action to recover damages for the breach of an employment contract measured by loss of wages that would have been earned had the employment continued. The amended complaint contains some allegations that would be found in one proceeding upon that theory, but it is not so framed that, by giving it a liberal construction to determine whether it states a cause of action on any theory, we can say that the demurrer should have been overruled.
The sufficiency of the amended complaint must be determined by a decision of the question whether the seniority rights given to employees by a contract can be vindicated by an award of money damages when the contract of employment is terminated by the employer disabling itself from continuing performance thereof by selling and transferring the business in which it has been engaged.
The question presented is a new one so far as we have been informed. None of the authorities cited in the briefs consider any claimed seniority rights of an employee where the employer has gone out of business and there is no longer anything to which seniority attaches or is incident.
[2] The courts have had occasion to determine rights of reinstatement where one having seniority has been demoted and a junior employee given his job, or where an *309 employee having seniority has been temporarily laid off, later called back to work and assigned to a junior job. In other cases, the employee has been wrongfully discharged and has been allowed damages based upon the compensation paid to one of his rank.
In all of the cases where seniority as a property right has been considered, the employer was a going concern and able to recognize and accord to the employee his contractual seniority rights. The business of respondent having been sold and transferred, there no longer exists any seniority in employment, and the former right thereto is no longer such a tangible thing that the loss of it can be measured in terms of money.
The judgment was one of dismissal of the action with prejudice. The dismissal should have been without prejudice. We remand the case for the entry of a modified judgment, and as modified it will be affirmed.
MALLERY, DONWORTH, WEAVER, and OLSON, JJ., concur.
NOTES
[1] Reported in 248 P. (2d) 1084.